FILED
2017 Feb-14  PM 02:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **DEBRA SEALE,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | **Case No. 2:16-cv-1016-CLS** |
| ) | |
| **NANCY A. BERRYHILL, Acting** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION AND ORDER

Claimant, Debra Seale, commenced this action on June 22, 2016, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly evaluated her credibility and complaints of subjective symptoms, and improperly considered the opinion of her treating physician. Upon review of the record, the court concludes that these contentions lack merit, and the Commissioner's ruling is due to be affirmed.

To demonstrate that pain or another subjective symptom renders her disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony of pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ in the present case properly applied these legal principles. He found that claimant's medically determinable impairments could reasonably have been expected to produce the symptoms claimant alleged, but that claimant's statements

concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible.[1]  This conclusion was in accordance with applicable law.  *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied).

The ALJ also adequately articulated reasons to support his findings.  The ALJ acknowledged claimant's diabetes, peripheral neuropathy, and hypertension, but he nonetheless concluded that those conditions had improved with medication.[2]  He also noted that medical examinations had revealed normal gait and station, no tenderness of muscles or joints, and intact range of motion.[3]  The ALJ acknowledged that claimant was treated for syncope and weakness in September of 2013 and January of 2014, but he noted those episodes were connected to claimant standing in her hairdressing shop all day and changes in her medication.[4]  The ALJ also found that

> claimant's credibility is undermined by her testimony during the hearing and report in the record about activities.  She first flatly denied doing physical work at her hair salon.  She seemed to try to diminish the physical level of work she did by stating that she only did the books for the business and managed one employee.  She then admitted the

---

[1] Tr. 16.
[2] *Id.*
[3] Tr. 16-17.
[4] Tr. 17.

> "employee" was actually a contractor who only rented a booth. Furthermore, the claimant told the consultative psychologist that she worked at the salon three days a week . . . . Although she indicated in the Function Report that her ability to handle money had diminished due to illness, she testified that instead of physical work at her salon, she was doing necessary record keeping. The claimant said her business had been shrinking due to her impairments, but she also stated that she had always had a small salon. The claimant has been on insulin for over thirty years and it is plausible that she experiences some highs and lows of mood, fatigue, or dizziness; however, the exertional limits stated at the hearing are not plausible given the consistent exam evidence of good gait and station and otherwise normal results. Moreover, the evidence of work after the alleged onset of disability belies such exertional limits described in the hearing.[5]

The record supports those conclusions. Even though, as claimant points out, she has a long history of diabetes and peripheral neuropathy, there is no evidence of any functional impairments resulting from those conditions that are more restrictive than the limitations imposed by the ALJ. *See* 20 C.F.R. § 404.1505(a) (defining a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). *See also Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace.'") (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)) (alteration supplied).

---

[5] *Id.* (citation to the record omitted).

Next, claimant asserts that the ALJ improperly considered the opinion of Dr. D. Christopher Black, her treating physician. The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. (alterations supplied). Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 404.1527(d).

Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(c). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075

(11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. Black submitted a "To Whom It May Concern" statement on October 3, 2013, stating:

> I serve as the primary care physician for Mrs. Debbie Seale. Mrs. Seale has multiple medical problems including depression, insulin dependent diabetes mellitus on an insulin pump, osteoporosis, hypothyroidism and hyperlipidemia. She reports that recently she has started having seizures which are felt to possibly be related to her diabetes. Because of her multiple medical problems and overall poor health, she is unable to work at this time. If I can provide more information, please let me know.[6]

The ALJ afforded that assessment only little weight because it was "based on subject[ive] report of seizures, of which the claimant reported a single episode," and because "the record does not show the other conditions mentioned in the opinion

---

[6] Tr. 438. Dr. Black also submitted a "To Whom It May Concern" letter dated August 7, 2014, and stating:

> I serve as the primary care physician for Mrs. Debbie Seale and treat her for diabetes mellitus, hyperlipidemia, hypothyroidism, anxiety and depression. My office received a phone call from her husband today stating that she has been very stressed about her upcoming video interview with the judge regarding her disability determination and subsequently has had an increase in her anxiety and has been unable to sleep. In addition, her blood sugar has been out of control with readings in the 500 range. Because of this, I think it will be in her best interest medically if she can forgo the upcoming video interview. If I can provide more information, please let me know.

Tr. 439. The ALJ afforded only little weight to that letter as it was "based on subjective report, not objective evidence." Tr. 18. Claimant has not challenged that determination on appeal.

result in functional limitations, which prevent all work."[7] Those reasons are adequate to support the ALJ's decision, and they are supported by substantial evidence. As discussed above, there is no evidence to support a disabling level of functional impairment.

In summary, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 14th day of February, 2017.

_____
United States District Judge

---

[7] Tr. 18 (alteration supplied).